```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**VAUGHN L. FLOURNOY,**

                Petitioner,

       v.                          CASE NO. 18-3006-SAC

**STATE OF KANSAS,**

                Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner, a prisoner in state custody, challenges the validity of his sentence.

**Screening**

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must review habeas corpus petitions promptly and must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The Court has conducted a preliminary review of the petition and finds that this matter is a second application for habeas corpus. The first application was adjudicated in *Flournoy v. McKune*, 2007 WL 2317141 (D. Kan. Aug. 9, 2007), *aff'd*, 266 Fed.Appx. 2008 WL 467015 (Feb. 20, 2008).

Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Where a petitioner fails to obtain the prior authorization, a federal court

must dismiss the matter or, "if it is in the interest of justice", transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Petitioner seeks relief from his sentence under *Alleyne v. United States*, 570 U.S. 99 (2013).[1] However, because the U.S. Supreme Court has not declared that the *Alleyne* holding is retroactive, the Court finds no ground to transfer this matter to the Tenth Circuit Court of Appeals. Petitioner may seek authorization by applying to that court.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED petitioner's motions to proceed in forma pauperis (Doc. #2) and for the appointment of counsel (Doc. #3) are denied as moot.

**IT IS SO ORDERED**.

DATED:  This 23rd day of, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] In *Alleyne*, the Supreme Court held that facts increasing a mandatory minimum sentence must be submitted to a jury and proven beyond a reasonable doubt. This holding announced a new rule of constitutional law but was not made retroactive to cases on collateral review. *See In re Payne*, 733 F.3d 1027 (10th Cir. 2013)(denying authorization for second or successive application under 28 U.S.C. § 2255 based upon *Alleyne*).